GRAFTON, MAY TERM, 1820.

### NATHAN ROBBINS *vs.* ISAAC APPLEBY.

The jurisdiction of the superior court to affirm judgments of inferior courts, from which an appeal has been claimed, but not prosecuted, is confined to cases where an appeal has been lawfully claimed.

THIS was a complaint filed by *Robbins* vs. *Appleby*, for not entering in this court an appeal claimed by the latter from a judgment of the court of common pleas in this county, ren-

---

* 16 Mass. Rep. 348, Somes vs. Skinner.—3 Barn. & Ald. 566, Rex vs. Hunt et al.

Robbins
*vs.*
Appleby.

dered at Sept. term, 1819, in favor of *Robbins*, for $30 debt or damages, and $ costs of suit. The action in which the judgment was rendered, was commenced in February, 1817, and the sum demanded in damages was $30, and the title of real estate was not drawn in question in the case.

(1) 2 N. H.
Laws 47, sec.
11.

RICHARDSON, C. J. The statute of June 27, 1816,(1) declares, " that the several and respective courts of common pleas as " by this act established shall have final and conclusive juris- " diction of all pleas and actions wherein the sum demanded " in damages shall not exceed fifty dollars, except that in " which the title of real estate is drawn in question, so that " no appeal shall be granted in such personal actions as afore- " said, unless the plaintiff's demand shall exceed the sum of " fifty dollars." It is very clear in this case that no appeal was allowed by law from the judgment of the court below. The appeal was therefore a mere nullity.

(2) 1 N. H.
Laws 102, sec.
10.

By the statute of Feb. 9, 1791,(2) it is enacted, that " if any " such appellant shall neglect to enter his appeal at the " court appealed to, the justices of the last mentioned court " shall, on complaint made by the appellee, affirm the form- " er judgment in whole or in part, in case the same was on " demurrer, as to them may seem just and reasonable, with " additional damages not exceeding the lawful interest and " costs."

Upon this clause in the statute, the present complaint is founded. But we are of opinion that the jurisdiction of this court to affirm judgments of the courts below, when an appeal is not prosecuted, is confined to cases, where an appeal has been lawfully claimed ; and that in this case, as no appeal could be lawfully claimed, we have no jurisdiction either to affirm the judgment of the court below, or allow additional damages. 5 *Mass. Rep.* 379, *Campbell vs. Howard.*

*Complaint dismissed.*